UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LILLIAN MICKENS, )<br>832 5th Street, N.E. )<br>Washington, DC 20002 )<br>  Plaintiff, )<br>  )<br>VS.  )<br>  )<br>SHIRLEY DURRANT, ADMINISTRATRIX )<br>OF THE ESTATE OF JOSEPH HENRY )<br>CURTIS, JR., Deceased, )<br>1281 Nicole Lane )<br>Clifton Heights, Pennsylvania 19018 )<br>  Defendant. )<br>  ) | No. _____<br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY DEMAND** |

## COMPLAINT

Lillian Mickens ("Mickens"), Plaintiff, files this Complaint against Shirley Durrant, Administratrix of the Estate of Joseph Henry Curtis, Jr., Deceased, Defendant.

### I.
### PARTIES

1. Mickens is a citizen of the District of Columbia.

2. Defendant, Shirley Durrant (hereinafter, "Durrant"), is the Administratrix of the Estate of Joseph Henry Curtis, Jr., an administration numbered A0704-2013, *In re the Estate of Joseph Henry Curtis, Jr.,* pending before the Office of the Register of Wills of Philadelphia County, Pennsylvania. The decedent was a citizen of Pennsylvania.

### II.
### JURISDICTION

3. This Court has jurisdiction as the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in the District of Columbia because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia and a substantial part of property that is the subject of the action is situated in the District of Columbia.

### III.
### FACTS

5. Mickens and defendant's decedent, Joseph Curtis ("Curtis"), are the grantees of that certain deed dated August 1, 1973 (the "Deed")(a true and correct copy of which is attached as Exhibit 1) recorded among the Land Records of the District of Columbia in Instrument 21898, Book 13532, Page 607 relating to real property known as Lot 36, Square 808, having the address of 832 5th Street, N.E., Washington, DC 20002 (the "Property"). The Deed identifies the grantees as "Lillian Mickens and Joseph Curtis," but does not indicate the tenancy.

6. Mickens and Curtis intended that the survivor of them have rights of survivorship in the event one of them died. The drafter of the deed advised them that the effect of the deed was that when one of them died, the other would be sole owner of the Property. They did not know that the Deed made them tenants in common. Accordingly, the Deed did not express the actual intent of the grantor or grantees.

7. The purchase of the Property was secured by a deed of trust. The deed of trust note identified Mickens and Curtis as the obligors "jointly and severally," and the deed of trust, recorded among the Land Records of the District of Columbia as Instrument 21899, Book 13532, Page 609 (a true and correct copy of which is attached as Exhibit 2), executed contemporaneously with the settlement on their purchase of the property, identified Mickens and Curtis, as "joint tenants."

8. Mickens and Curtis, who were romantically involved, agreed that Curtis would co-sign the note and the deed of trust, but Mickens would have full responsibility to pay the mortgage loan, taxes, and insurance for the Property and would, in turn, be entitled to live in the property and to have all the rights of a sole owner of the property, including full legal ownership of the Property upon Curtis' death.

9. In the alternative, Mickens and Curtis agreed that Curtis would hold his interest in the property on behalf of Mickens and subject to her control.

10. Before settlement on the purchase of the Property, Mickens made a $1,000 down payment to acquire the Property in installments over the course of twelve months. After settlement, Mickens lived in the property and paid 100% of the principal, interest, taxes, maintenance, and fire and hazard insurance for the Property without any contribution from Curtis.

11. Curtis never made any payments with respect to the Property.

12. Curtis died intestate on February 18, 2009, and Durrant qualified as the personal representative of Curtis' estate on or about February 19, 2013.

13. In December 2012, it was reported to Mickens for the first time that her legal interest in the property was as a 50% tenant in common rather than as the surviving joint tenant as she and Curtis had intended.

14. Mickens had entered into a contract to sell the Property and asked Defendant to join in the deed, but Defendant refuses to do so unless one half of the net proceeds are paid to Defendant.

## COUNT I
## REFORMATION

15. Mickens incorporates paragraphs 1 through 14.

16. Mickens requests judgment reforming the Deed to reflect that Mickens and Curtis acquired the property as joint tenants with right of survivorship.

## COUNT II
## RESULTING TRUST
## (IN THE ALTERNATIVE)

17. Mickens incorporates paragraphs 1 through 16.

18. All of the funds to acquire the Property were supplied by Mickens. A resulting trust exists such that Curtis was required upon demand to convey the property to Mickens, who supplies the funds.

19. Defendant refuses to convey the property to Mickens.

20. Therefore, the Court should enter a decree determining that a resulting trust exists and that Defendant is required to convey the Property to Mickens.

## COUNT III
## UNJUST ENRICHMENT
## (IN THE ALTERNATIVE)

21. Mickens incorporates paragraphs 1 through 20.

22. Mickens paid the down payment and the entire principal, interest, taxes, and insurance to acquire the Property, the maintenance and improvements, and Curtis did not contribute toward any of these expenses.

23. In the event the Court finds that Curtis was a tenant in common with Mickens, it would be inequitable for Curtis to retain the benefit of Mickens' payment.

24. Mickens seeks a decree of restitution of the gain that was unjustly conferred upon Curtis.

## COUNT IV
## DECLARATORY JUDGMENT

25. Mickens incorporates paragraphs 1 through 22.

26. There is now existing between the parties involved in this proceeding an actual, justiciable controversy in which Mickens is entitled to have a declaration of her rights and further relief, including a mandatory injunction, due to the facts, conditions, and circumstances described in this Complaint.

THEREFORE, plaintiff demands:

1. That a decree be entered reforming the Deed to reflect the intentions of Mickens and Curtis that the title be as Joint Tenants with Right of Survivorship;

2. In the alternative, that a decree be entered determining that a resulting trust exists and ordering Defendant to convey the Property to Mickens;

3. In the alternative, that a decree of restitution be granted against Defendant to Mickens of $300,000, being the gain that was unjustly conferred upon Curtis;

4. That the Court enter a judgment declaring that Mickens is sole owner of the Property and is entitled to any proceeds of sale, and that an injunction be entered requiring Defendant to execute a deed of her interest in the Property to Mickens or her designee;

and that Mickens have such other and further relief to which she may be justly entitled.

Respectfully submitted,

/S/
John T. Brennan
DC Federal Bar 475823
The Brennan Law Firm, LLC
133 Defense Highway
Suite 208
Annapolis, Maryland 21401
(410) 266-3970
(410) 721-4284 fax
tbrennan@brennan-law.us

*Attorneys for the Plaintiff*

**JURY DEMAND**

Plaintiff demands trial by jury as to all issues so triable.